UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BRENTON HOPPES, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:24-CV-115-JD-APR |
| MICHAEL COOK and T. MCCARTY, | |
| Defendants. | |

OPINION AND ORDER

Brenton Hoppes, a prisoner without a lawyer, filed a complaint about an alleged use of excessive force at Miami Correctional Facility. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Hoppes alleges that on August 6, 2022, he was out of his cell, and Officer Michael Cook ordered him to return to his room. He complied, but as he was returning to his room, Officer Cook told him to stop. Hoppes alleges that he stopped, and Officer Cook, Officer T. McCarty, and Sergeant Jordan Owens approached him to handcuff him. Officer McCarty pulled out his taser while the others handcuffed him. When they

reached his cell, Officer Cook told him to walk to the back of his cell and sit until the door closed. Hoppes complied.

Once the door was closed, Hoppes walked to the door to have the cuffs removed. He told Officer Cook that he suffered a back injury a couple years ago and it was hard for him to squat all the way down. Once Hoppes put his hands through the cuff port, he alleges Officer Cook grabbed the cuffs and began pulling. Hoppes told Officer Cook that he was hurting his wrist and asked that he just remove the cuffs. Officer Cook began pulling harder and told him to quit messing around.

At this point, Officer Cook called for the door to Hoppes' cell to be opened. When the door opened, Officer McCarty had his taser pointed at him, and Officer Cook told him to get on his knees, and then to his stomach. Hoppes complied. Hoppes remained on his stomach until the door closed and Officer Cook ordered him to get back on his knees and put his hands through the cuff port. Hoppes claims that he was not tall enough for his hands to reach the cuff port when he was on his knees. Officer Cook nevertheless reached for the cuffs and began pulling.

Hoppes alleges that then Officer Cook ordered that Hoppes' cell door be opened again and for Hoppes to get back on his stomach. Hoppes asked Officer Cook for help in getting on his stomach. Officer Cook pushed him forward. Once Hoppes was on his stomach, he alleges that Officer McCarty put his taser on Hoppes' neck. Officer Cook ordered him to cross his legs and put them in the air. Hoppes complied. Officer Cook then put his knee on Hoppes' back and began pulling the cuffs. He grabbed Hoppes' left ankle and began twisting it, telling him, "I told you to quit messing around." ECF 1

2

at 3. Hoppes denies messing around and asserts that he was compliant the entire time. When Officer Cook was grabbing Hoppes' ankle, Hoppes alleges he felt a pop, causing instant severe pain in his ankle. He began screaming. Officer Cook then began putting all his weight on Hoppes' back. Hoppes couldn't breathe.

Officer Cook finally removed the cuffs, and Hoppes was left with pain and welts on his wrists, back pain, and a swollen and bruised ankle. He could not put weight on his ankle or rotate it. An x-ray taken that night showed soft tissue swelling and a possible avulsion fracture. Despite doing physical therapy for more than a year, Hoppes says he has gained little to no movement back in his ankle. He has constant pain, cannot run or jump high, and finds it difficult to stand for long periods of time. He sues for damages.

The Eighth Amendment prohibits cruel and unusual punishment—including the application of excessive force—against prisoners convicted of crimes. *McCottrell v. White*, 933 F.3d 651, 662 (7th Cir. 2019). The "core requirement" of an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). Deference is given to prison officials when the use of force involves security measures taken to quell a disturbance because "significant risks to the safety of inmates and prison staff" can be involved. *McCottrell*, 933 F.3d at 663 (quoting *Whitley v. Albers*, 475 U.S. 312, 320 (1986)). Jails are dangerous places, and security officials are tasked with the difficult job of preserving order and discipline among inmates. *Lewis v. Downey*, 581 F.3d 467, 476 (7th

Cir. 2009). It is important that prisoners follow orders given by guards. *Id*. at 476-77 (citing *Soto v. Dickey*, 744 F.2d 1260, 1267 (7th Cir. 1984)). To compel compliance—especially in situations where officers or other inmates are faced with threats, disruption, or aggression—the use of summary physical force is often warranted. *Id*. at 477 (citing *Hickey v. Reeder*, 12 F.3d 754, 759 (8th Cir. 1993)). That is not to say, however, that such justification exists "every time an inmate is slow to comply with an order." *Lewis*, 581 F.3d at 477. Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the threat posed to the safety of staff and inmates, the amount of force used, and the extent of the injury suffered by the prisoner. *Hendrickson*, 589 F.3d at 890. Hoppes plausibly alleges that Officer Cook used excessive force when removing Hoppes' handcuffs at his cell, given that Hoppes alleges that he complied with all orders and was not aggressive.

Similarly, Hoppes states a claim against Officer McCarty, who he alleges was present during Officer Cook's use of force and did not stop it.

> An officer who is present and fails to intervene to prevent other law enforcement officers from infringing the constitutional rights of citizens is liable under § 1983 if that officer had reason to know: (1) that excessive force was being used, (2) that a citizen has been unjustifiably arrested, or (3) that any constitutional violation has been committed by a law enforcement official; and the officer had a realistic opportunity to intervene to prevent the harm from occurring.

*Doxtator v. O'Brien*, 39 F.4th 852, 864 (7th Cir. 2022) (quoting *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994)). This is what has become known as a "failure to intervene" basis for a constitutional violation. *Fillmore v. Page*, 358 F.3d 496 506 (7th Cir. 2004). A "realistic opportunity to intervene" may exist whenever an officer could have "called for a

4

backup, called for help, or at least cautioned [the excessive force defendant] to stop." *Abdullahi v. City of Madison*, 423 F.3d 763, 774 (7th Cir. 2005). Hoppes may proceed against Officer McCarty for failing to intervene in Officer Cooks' alleged use of excessive force.

The other two defendants, however, must be dismissed. Sergeant Owens' only alleged involvement was when Hoppes was initially handcuffed, but there are no allegations he was present later when the alleged excessive force occurred at the cell. And Lieutenant D. Shafer is named as a defendant but not mentioned in the body of the complaint. He cannot be held liable simply because he holds a supervisory position at the prison. *See, e.g., Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018) ("For a defendant to be liable under section 1983, she must be personally responsible for the alleged deprivation of the plaintiff's constitutional rights.") *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 593-94 (7th Cir. 2009) ("Section 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." (internal citation omitted)).

For these reasons, the court:

(1) GRANTS Brenton Hoppes leave to proceed against Officer Michael Cook in his individual capacity for compensatory and punitive damages for the use of excessive force when removing the handcuffs at Hoppes' cell on August 6, 2022, in violation of the Eighth Amendment;

(2) GRANTS Brenton Hoppes leave to proceed against Officer T. McCarty in his individual capacity for compensatory and punitive damages for failing to intervene in the use of excessive force on August 6, 2022, at Hoppes' cell in violation of the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES Jordan Owens, D. Shafer;

(5) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Michael Cook and T. McCarty at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1);

(6) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(7) ORDERS, under 42 U.S.C. § 1997e(g)(2), Michael Cook and T. McCarty to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on May 16, 2024

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT